

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CLAYBORN SETH VINCENT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0173 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

On July 31, 2007,[1] petitioner CLAYBORN SETH VINCENT filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the revocation of his parole. For the reasons hereinafter expressed, the United States Magistrate Judge finds petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY

On October 12, 1988, petitioner entered a plea of guilty to the offense of burglary of a habitation in Cause Number 6182-C in the 251st District Court of Randall County, Texas. Petitioner received a ten-year suspended sentence and a $1000 fine. On November 21, 1990,

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when placed into the prison mail system). A petitioner's signature on the habeas petition acknowledges that the petition was in fact placed into the mail system on the date the petition was signed. However, this Court notes that the filing date of this federal petition, July 31, 2006, is 13 days prior to the Texas Court of Criminal Appeals denial of the state petition. It appears from the postmark on the petition, August 13, 2006, this federal petition was not actually mailed until after the CCA's denial of state habeas.

petitioner's probation was revoked, and he was sentenced to seven years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Petitioner was released to parole on May 15, 1991. On September 16, 1994, a report of violation was filed, alleging two violations: failure to report and changing address without notification.[2] Based on the recommendation in the violation report, a pre-revocation warrant issued for petitioner on October 25, 1994. The warrant, however, was not executed until August 22, 2006, almost twelve years later.[3]

On September 25, 2006, the Parole Board held a revocation hearing based on violations alleged in the 1994 report, as well as additional violations for leaving the state without permission and for committing new crimes. The hearing officer recommended revocation of parole, and on October 3, 2006, a proclamation of revocation and arrest warrant was issued. Petitioner was returned to the custody of TDCJ-CID.

On January 3, 2007, petitioner filed a state habeas corpus application. On July 11, 2007, the Texas Court of Criminal Appeals denied petitioner's application without written order based upon the trial court's findings of fact and conclusions of law. Petitioner filed the instant federal petition on July 31, 2007.

On November 27, 2007, this Court issued an Order Denying Motion to Appoint Counsel.

---

[2] Petitioner failed to report to his parole officer on August 16, 1994. On September 15, 1994, a parole officer went to petitioner's last known address and observed the home was vacant; neighbors informed the parole officer that the home had been vacant for approximately three months. On the same day, the officer contacted petitioner's last employer, who informed the officer that petitioner no longer worked there, and petitioner's whereabouts were unknown to the employer. (Petitioner's Petition, Exhibit 21).

[3] The warrant was apparently re-issued in August 2006 on the current warrant form. During the time the warrant was pending, petitioner never resided in the state of Texas, instead spending that period in New Mexico, Arizona, California, and Florida. After pleading no contest to four fourth degree felonies, a New Mexico state court sentenced petitioner to a total of twelve and a half years confinement, with six and a half years suspended, on January 21, 2003. Petitioner was released to parole in New Mexico on August 9, 2005. Petitioner was officially discharged from his New Mexico sentence on August 15, 2006.

Petitioner's copy of this order was returned undeliverable on December 6, 2007, with the notation "Released RTS." On November 28, 2007, this Court issued an Order Overruling Objections to Magistrate's Order. Again, petitioner's copy of the order was returned undeliverable on December 7, 2007, with the notation "RTS Unknown Released." Based on this information, a Report and Recommendation to Deny Petition for a Writ of Habeas Corpus for Failure to Prosecute issued on December 14, 2007.[4] On December 26, 2007, petitioner filed a notice of change of address. On January 8, 2008, petitioner filed objections to the Report and Recommendation, citing his efforts to ensure he received his mail upon release from TDCJ-CID. In light of petitioner's objections, this Court issued an Order withdrawing the Report and Recommendation on February 5, 2008.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner alleges his due process rights were violated when:

1. The Parole Board failed to exercise "due diligence" in executing the pre-revocation warrant;

2. The Parole Board misrepresented the pre-revocation warrant's date of issuance to make it appear as if the warrant had been issued prior to the expiration of petitioner's parole;

3. The Parole Board denied petitioner counsel at the revocation hearing; and,

4. The Parole Board used rule violations occurring after the expiration of petitioner's sentence as grounds for revoking his parole.

## III.

---

[4]As an alternate ground, this Court also denied petitioner's application as moot due to his release onto parole. However, in the interest of justice, this Court fully withdrew the Report and Recommendation and will address the merits of the petition.

## EXHAUSTION OF STATE COURT REMEDIES

In his answer to this petition, respondent concedes petitioner sufficiently exhausted his available state court remedies as required by 28 U.S.C. § 2254(b), (c). The undersigned Magistrate Judge has reviewed petitioner's state court records and it appears petitioner has presented, to the highest court of the State of Texas, the substance of the claims he now presents to this federal court. Therefore, it is the opinion of the Magistrate Judge that petitioner has exhausted his available state court remedies, and that this cause should not be dismissed for any failure to exhaust, but instead, be decided on the merits.

## IV.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340

(2003).

Petitioner filed a state habeas application in the Texas Court of Criminals Appeals relating to Cause No. 6182-C. The Court of Criminal Appeals denied *Ex parte Vincent*, App. No. 67,539-01, on August 11, 2007, without written order based on the trial court findings of fact and conclusions of law. The ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.
MERITS

Federal habeas corpus will not lie unless an error was so gross or a proceeding so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a proceeding so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

A.
Execution of the Warrant

In his first ground, petitioner claims that the Parole Board violated his due process rights by failing to execute the pre-revocation warrant for over eleven years. No bright-line rule exists for determining whether (and how long of) a delay in executing a pre-revocation warrant violates due process. In addressing the issue of delay, the Fifth Circuit has incorporated the due process approach utilized by other circuits in its analysis of the issue. *United States v. Fisher*, 895 F.2d 208, 211-213 (5th Cir. 1990). Under the due process approach, a court must look at the totality of the circumstances to determine whether a delay in executing a warrant is reasonable. *Id.* at

211. Factors that weigh in favor of a finding of reasonable delay, even a lengthy one, include the violator's absence from the jurisdiction and his imprisonment due to the commission of new crimes. *Id.* at 211 n.3 (citing *United States v. Berry*, 814 F.2d 1406, 1410 (9th Cir. 1987); *United States v. Hill*, 719 F.2d 1402, 1404-05 (9th Cir. 1983)). In addition to the reasonableness analysis, the Fifth Circuit has held "a delay in executing a violator's warrant may frustrate a [petitioner's] due process rights if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence." *Id.* at 211 (citing *United States v. Williams*, 558 F.2d 224, 226-28 (5th Cir. 1977)).

Petitioner's parole officer made several attempts to locate petitioner before issuing the pre-revocation warrant. These efforts were fruitless due to petitioner's leaving the state. During the parole revocation hearing, petitioner admitted he left the state without permission and admitted he failed to contact his parole officer after July 1994. In light of these facts, plus the fact that petitioner was incarcerated in New Mexico for new crimes during the pendency of the warrant, there was not any constitutionally-relevant unreasonableness in the delay of the execution of the 1994 warrant, even for the length of time involved here. Even if the Court were inclined to find unreasonable delay, the state habeas court's implicit finding that the delay in executing the warrant did not violate petitioner's due process rights was not unreasonable. *See Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider

the claim for reasons unrelated to the claim's merits.").[5]

Moreover, petitioner has presented no evidence he was prejudiced due to the delay. The only assertion approaching one of prejudice is that petitioner was unable to call Joe Smith, his parole officer at the time petitioner absconded in 1994, as a witness at the revocation hearing. Petitioner does not state how the delay in executing the warrant made it impossible for petitioner to call this parole officer, nor does he allege what information the officer would have provided. This claim is without merit.

### B.
### Issuance of the Warrant

In his second ground, petitioner claims his due process rights were violated because the pre-revocation warrant upon which he was arrested was not issued until after his sentence had expired. In support of his claim, petitioner asserts the Parole Board falsified the pre-revocation warrant to make it appear as though it was issued before the expiration of his sentence. This claim is without merit.

Once a parole violation has occurred, and a pre-revocation warrant has been issued, a parolee's sentence is suspended. *Platek v. Aderhold*, 73 F.2d 173 (5th Cir. 1934). Essentially, the parolee is treated the same way a prison escapee would be treated in that the time passing from the time the pre-revocation warrant issues to the time of a parolee's apprehension is not credited toward the completion of his sentence; thus, a parolee is not discharging his sentence

---

[5]Petitioner asserts in his petition that, because the Supreme Court has treated probationers and parolees the same in terms of due process rights required in revocation proceedings, this Court should apply Texas *probation* law, which requires the exercise of due diligence by state authorities in executing a probation revocation warrant, to parolees. However, Texas courts have not extended Texas law in such a way. Furthermore, as far as the Supreme Court acknowledging that probationers and parolees enjoy similar due process rights, it has done so only in regard to what rights such individuals should be afforded during the revocation proceeding, and it has not placed them on equal footing for all purposes. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

during the pendency of a pre-revocation warrant. *See Anderson v. Corall*, 263 U.S. 193, 196 (1923).

On October 25, 1994, the pre-revocation warrant issued. Resp.'s Br. Exh. A at 3. On October 3, 2006, a new warrant was issued for petitioner. *Id.* at 4. Although the second warrant issued after petitioner's sentence would have expired were it not for his absconding in 1994, the original warrant served to suspend petitioner's sentence until he was taken back into custody by Texas officials. Therefore, petitioner's sentence did not expire in 1997. Instead, petitioner stopped accruing time on his sentence when the pre-revocation warrant issued in 1994.

Petitioner alleges the warrant's date of issuance was falsified. Petitioner's only "evidence" of such falsification, however, is that the 2006 warrant contains statutory language that did not exist in 1994. This fact alone does not render the warrant false. A warrant issued for petitioner in 1994. As discussed above, such warrant suspended the discharge of petitioner's sentence, enabling the Parole Board to issue a subsequent warrant based on new parole violations. The mere existence of two warrants is not sufficient to prove any falsification occurred absent some actual evidence of malfeasance by the State. Petitioner's allegation that the original warrant is a fabrication is conclusory and without support. Conclusory allegations made by a petitioner do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-1012 (5th Cir. 1983).

C.
Denial of Counsel at the Revocation Hearing

In his third ground, petitioner claims his due process rights were violated when the Parole Board Hearing Officer denied petitioner appointed counsel for the hearing. "[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in

such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471 (1972). Although the Supreme Court has not extended the right to counsel to all revocation proceedings, the Court has stated, "Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness-the touchstone of due process-will require that the State provide at its expense counsel for indigent probationers or parolees." *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).

In *Gagnon*, the Supreme Court provided the following guidance for determining whether counsel should be appointed:

> Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* In deciding whether to appoint counsel, the hearing officer should consider whether the violator is capable of speaking for himself; if he is capable and the officer decides not to appoint counsel, then the officer must articulate her reasons for not appointing counsel in the hearing record. *Id.* at 790-91.

Here, petitioner did request counsel, which request was denied. The hearing officer recorded her reasons for denying petitioner's request in her report: "OFFENDER was denied a State appointed attorney because he was articulate and capable of representing himself, the law violations were adjudicated, the issues were non-complex, and he had no history of mental illness." Resp.'s Br. Exh. A at 10. Because the hearing officer considered petitioner's request

for counsel and articulated her reasons for denying it, and her reasons are supported by the record, this Court finds no violation of petitioner's due process rights occurred. This claim is without merit.

D.
Use of Convictions After the Expiration of Texas Sentence as Grounds for Revocation

In his fourth and final ground, petitioner alleges his due process rights were violated because the Parole Board used offenses occurring after the expiration date of his sentence as grounds for revoking his parole. Once a pre-revocation warrant has been issued for a parolee, his parol is suspended, and he ceases to accrue time on his sentence. TEX. GOV'T CODE ANN. § 508.253 (Vernon 2004);[6] *see also Anderson*, 263 U.S. at 196; *Platek*, 73 F.2d at 173; *supra* paragraph B. The Parole Board issued a pre-revocation warrant for petitioner on October 25, 1994. Because the warrant was issued before petitioner's parole was originally set to expire,[7] there was no due process violation in the warrant being executed after the date petitioner's sentence would have expired. *See Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997).

During the pendency of the warrant, petitioner's parole was suspended, meaning he was not accruing time on his sentence. Consequently, parole violations which occurred during the pendency of the warrant could be included as grounds for revocation. It was not unreasonable for the state habeas court to find that petitioner's New Mexico convictions could properly be

---

[6]At the time the 1994 warrant was issued, the law read as follows:

> A prisoner for whose return a warrant has been issued shall, after the issuance of such warrant, be deemed a fugitive from justice and the time from the issuing of such warrant to the date of his arrest shall not be counted as any part of the time to be served under his sentence.

TEX. CRIM. PROC. ANN. art. 42.18, § 13(b) (Vernon 1994).

[7]Had the pre-revocation warrant not been issued, petitioner's parole would have expired in 1997.

used as grounds for revocation, and petitioner has not overcome the state habeas denial of this claim. He is not entitled to relief..

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CLAYBORN SETH VINCENT be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of June 2008.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).